# COURT OF CHANCERY
# OF THE
# STATE OF DELAWARE

KATHALEEN ST. JUDE MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

May 21, 2021

Jeremy D. Eicher, Esquire
Eicher Law LLC
1007 N. Orange Street, 4th Floor
Wilmington, DE  19801

Frank E. Noyes, II, Esquire
Offit Kurman, P.A.
1201 N. Orange Street, Suite 10E
Wilmington, DE  19801

Jennifer C. Voss, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
920 N. King Street, 7th Floor
Wilmington, DE  19801

Kevin R. Shannon, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street
Wilmington, DE  19801

Re:  *In re TransPerfect Global, Inc.*, C.A. No. 9700-CM,
*Elting v. Shawe et al.*, C.A. No. 10449-CM

Dear Counsel:

This letter resolves the Joint Motion of TransPerfect Global, Inc. and Philip R. Shawe ("Respondents") for Reargument Pursuant to Court of Chancery Rule 59(f) (the "Reargument Motion") and Respondents' Joint Motion for Stay Pending Reargument and Any Potential Appeal (the "Stay Motion").[1]

A movant bears a heavy burden in seeking reargument under Court of Chancery Rule 59(f).  The court will deny a motion for reargument unless the movant establishes that the court overlooked a decision or principle of law that would have controlling effect or misapprehended the facts or the law so the outcome of the decision would be different. Mere disagreement with the court's resolution of a matter is not sufficient.

---

[1] Terms not defined in this letter have the same meaning ascribed to them in the April 30, 2021 Memorandum Opinion.

Here, Respondents' Rule 59(f) arguments boil down to mere disagreements with the court's resolution and do not speak to any controlling principle of law or material fact the court overlooked or misapprehended.

As to the first ground for reargument, the court did not fail to apply the controlling standard when evaluating Skadden's hourly rates. Further, Respondents' argument that each attorney who billed time on the matter must submit evidence that they charged and collected from other clients at those hourly rates during the year was not made to the trial court and, as such, is not a proper basis for reargument.

As to the second ground, Respondents merely disagree with the court's determinations and reassert prior arguments that were rejected.

As to the third ground, the court noted cases cited by the Custodian that permitted petitioning for fees incurred preparing fee petitions and determined that the standard for bad faith was not satisfied.

Accordingly, the Reargument Motion is DENIED.

Because the Reargument Motion is denied, Respondents' request for a stay pending reargument is moot.

A stay pending appeal is subject to the discretion of the trial court and governed by a four-part test: (1) the likelihood of success on the merits of the appeal; (2) whether the movant will suffer irreparable harm if the stay is not granted; (3) whether any other

interested party will suffer substantial harm if the stay is granted; and (4) whether the public interest will be harmed if the stay is granted.

Having considered each of the four factors, the court concludes that a stay is inappropriate in this case.

As to the first factor, any appeal of the court's April 30, 2021 opinion will be reviewed for abuse of discretion. Beyond disagreement with the court's reasoning and factual findings, Respondents have not demonstrated a likelihood of success on the merits.

As to the second and third factors, even if the Custodian would not be substantially harmed by a stay, Respondents—a company worth almost $1 billion and its 99% stockholder—cannot credibly contend that they are unable to pay the amount of the judgment or that making such a payment immediately would cause irreparable harm.

As to the fourth factor, the public interest is served by ensuring a court-appointed custodian is paid promptly for fees and expenses the court has already determined are reasonable and ordered be paid by May 7, 2021—a deadline Respondents have ignored.

Accordingly, the Stay Motion is DENIED.

IT IS SO ORDERED.

Sincerely,

*/s/ Kathaleen St. Jude McCormick*

Kathaleen St. Jude McCormick
Chancellor

cc:     All counsel of record (by *File & ServeXpress*)